UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM J. WIEMANN; WILLIAM J. WIEMANN HOLDINGS, LLC; and BILL WIEMANN MOTOR SPORTS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FRED ENGELHART, d/b/a Engelhart Performance; BRETT TORINO; and MIKE GUARISE,<br><br>Defendants. | Case No. 07-CV-3929 (PJS/RLE)<br><br>ORDER GRANTING IN PART DEFENDANT BRETT TORINO'S MOTION TO DISMISS OR TRANSFER |

Michael S. Montgomery, MONTGOMERY GOFF & BULLIS, PC, for plaintiffs.

Teresa J. Kimker, HALLELAND LEWIS NILAN & JOHNSON, PA; and Ronald M. Rosengarten, GREENBERG TRAURIG, PA, for defendant Brett Torino.

This matter is before the Court on defendant Brett Torino's motion to dismiss or transfer. For the reasons given below, the Court finds that it lacks personal jurisdiction over Torino. The Court therefore grants Torino's motion to dismiss for lack of personal jurisdiction and denies the remainder of his motion as moot.

I. BACKGROUND

Defendant Fred Engelhart, a resident of the small town of Elkton, Minnesota, is in the business of buying and selling vintage muscle cars — some of which are worth hundreds of thousands of dollars. In April 2007, Engelhart agreed to buy a number of these cars from plaintiff Bill Wiemann Motor Sports, LLC, a North Dakota corporation controlled by plaintiff William J. Wiemann (a resident of Arizona[1]). Plaintiff William J. Wiemann Holdings, LLC, a

---

[1]The complaint alleges that William J. Wiemann is a resident of Wyoming, but Wiemann's memorandum in opposition to Torino's motion asserts that Wiemann is a resident of

Montana limited-liability company, holds title to the cars. The Court will refer to plaintiffs collectively as "Wiemann."

Pursuant to Engelhart and Wiemann's one-page agreement, Engelhart was to pay $3.25 million for five cars.[2] Wiemann delivered the cars to Engelhart in Minnesota, but retained title to the cars to ensure Engelhart's payment. Engelhart, however, never paid for the cars. After losing patience with Engelhart, Wiemann told him in July 2007 to return the cars. Engelhart then informed Wiemann that he had already sold three of the cars — one to defendant Mike Guarise, a resident of Illinois, and two to defendant Brett Torino, a resident of Nevada.[3]

Wiemann filed this action, bringing claims of breach of contract, fraud, conversion, and replevin against Engelhart, Torino, and Guarise. Torino moves to dismiss all claims against him for lack of personal jurisdiction, for failure to state a claim, and for improper venue. In the alternative, Torino moves to transfer the claims against him to Nevada.

II. ANALYSIS

*A. Motion to Dismiss for Lack of Personal Jurisdiction*

Torino moves to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. To defeat Torino's motion, Wiemann must make a prima facie showing that Torino is subject to the jurisdiction of a court located in Minnesota. *See* Fed. R. Civ. P. 4(k); *Romak USA, Inc. v.*

---

Arizona. This discrepancy is not relevant to the Court's analysis.

[2]The complaint identifies four cars; the parties' agreement, which is attached to the complaint, identifies five cars.

[3]To the uninitiated, it may seem strange that Wiemann would turn over $3.25 million in cars to Engelhart without first receiving payment, and even odder that Guarise and Torino would pay hundreds of thousands of dollars to Engelhart for cars that Engelhart did not own and could not provide titles for. All parties agree, however, that collectors of vintage muscle cars commonly do business this way.

*Rich*, 384 F.3d 979, 983 (8th Cir. 2004).  This Court must view the evidence in the light most favorable to Wiemann and must resolve factual conflicts in Wiemann's favor.  *Romak USA*, 384 F.3d at 983.

In a diversity action, a federal court may exercise jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause.  *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004).  Minnesota's long-arm statute authorizes jurisdiction over nonresidents to the full extent permitted by the Due Process Clause, and thus this Court need determine only whether exercising jurisdiction over Torino would deprive him of due process.  *Valspar Corp. v. Lukken Color Corp.*, 495 N.W.2d 408, 411 (Minn. 1992) (if the exercise of personal jurisdiction comports with due process, then the requirements of Minnesota's long-arm statute are met).

The Due Process Clause requires that a defendant have "certain minimum contacts" with the forum state so that exercising jurisdiction over him will not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation and quotations omitted).  "It is essential in each case that there is some act by which the 'defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  The defendant's activities must be sufficient to provide the defendant with fair warning that he might be haled into court in that forum.  *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006).

To determine whether a Minnesota court can exercise personal jurisdiction over Torino, the Court must consider five factors:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to those contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Id.* at 956. The first three factors, which focus on the defendant's contacts with the forum state, are the most important. In the absence of the requisite minimum contacts with the forum state, the last two factors cannot, by themselves, establish jurisdiction. *Cf. id.* ("The last two factors carry less weight and are not dispositive"); *Bell Paper Box, Inc. v. Trans Western Polymers, Inc.*, 53 F.3d 920, 922 (8th Cir. 1995) ("The most important factors are those which analyze forum contacts.").

As noted, Torino is a resident of Nevada. So far as the record reveals, Torino has never owned any property in Minnesota, maintained any accounts in Minnesota, or conducted any business activities in Minnesota. Torino Aff. ¶ 2. In May 2007, Torino agreed to purchase two cars from Engelhart — the two cars that are the subject of Wiemann's claims against Torino — in exchange for $350,000 and five other cars. Torino Aff. ¶¶ 3, 9. Torino did not travel to Minnesota at any time in connection with this transaction. Torino Aff. ¶ 6. Engelhart (or his representative) brought Wiemann's two cars to Nevada and, while in Nevada, picked up the five cars that he received in trade from Torino. Torino Aff. ¶ 6. The purchase agreement between Torino and Engelhart for Wiemann's cars is governed by Nevada law. Torino Aff. ¶ 5 & Ex. A. In short, Torino's contacts with Minnesota appear to be limited to buying cars from a Minnesota resident.

"'Merely entering into a contract with a forum resident does not provide the requisite contacts between a [nonresident] defendant and the forum state.'" *Bell Paper Box,* 53 F.3d at 922 (quoting *Iowa Elec. Light & Power Co. v. Atlas Corp.*, 603 F.2d 1301, 1303 (8th Cir. 1979)). "This is particularly true when the nonresident defendant is a buyer, rather than a seller." *Id.* Other than the bare fact that Torino entered into a contract with a Minnesota resident for the purchase of two of the cars that are the subject of this action, the record reveals *no* contacts between Torino and Minnesota that are related to this case.[4] Indeed, Wiemann does not even allege that Torino dialed a Minnesota phone number or sent a letter to Minnesota in connection with this transaction. *See Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd.*, 89 F.3d 519, 523 (8th Cir. 1996) (although letters and faxes may support the exercise of jurisdiction, they do not themselves establish jurisdiction); *cf. Wessels*, 65 F.3d at 1432-33 (upholding jurisdiction where the nonresident defendant "aggressively pursued a business relationship" with the plaintiff). And Torino did not avail himself of the protections of Minnesota's laws in the contract's choice-of-law clause; as noted, Torino and Engelhart selected Nevada law to govern the contract. *Cf. Bell Paper Box*, 53 F.3d at 923 (finding no personal jurisdiction in South Dakota despite the parties' choice of South Dakota law and noting that,

---

[4] The Court notes that Torino himself did not purchase the cars; instead, the cars were purchased by Torino Collection, LLC, of which Torino is the president. Torino Aff. ¶¶ 1, 3, 9, 11 & Ex. A. The fact that Torino himself was not the buyer further weakens any link between Torino and Minnesota in connection with this case. *Cf. Romak USA*, 384 F.3d at 985 (rejecting the plaintiff's attempt to rely on a corporation's contacts with the forum state to establish personal jurisdiction over an individual corporate officer). Torino does not appear to rely on the distinction between himself and the entity that actually purchased the cars for purposes of his motion to dismiss, however. For that reason, the Court also does not rely on the distinction and, for simplicity's sake, will follow the parties' practice of referring to Torino as the purchaser of the cars.

although relevant, the contractual choice of the forum state's law is not sufficient to confer personal jurisdiction).

Given the almost complete dearth of contacts between Torino and Minnesota, it is doubtful whether the Court could assert personal jurisdiction over Torino even if *Engelhart* were to sue him for breach of contract. *Cf. id.* at 922-23 (affirming dismissal for lack of personal jurisdiction in contract action even though the parties had numerous communications and the defendant sent designs and a purchase order to the forum state). In this case, however, Torino is being sued by Wiemann, not Engelhart — and he is being sued not for breaching a contract with a Minnesota resident, but for converting the property of residents of Arizona, Montana, and North Dakota. Conversion occurs "where one willfully interferes with the personal property of another without lawful justification, depriving the lawful possessor of use and possession." *Williamson v. Prasciunas*, 661 N.W.2d 645, 649 (Minn. Ct. App. 2003) (citation and quotations omitted).[5] Wrongfully refusing to deliver property on demand by the owner constitutes conversion. *Id.* As Wiemann alleges no facts suggesting that Torino did anything wrong in purchasing the cars from Engelhart, Wiemann's cause of action against Torino can only have arisen out of Torino's later refusal to turn the cars over to Wiemann. That conduct took place in Nevada and, as noted, was directed at residents of Arizona, Montana, and North Dakota. Thus, Torino's allegedly tortious act — and the basis for Wiemann's claim against Torino — has no connection to Minnesota.

---

[5]At oral argument, Wiemann clarified that his only claim against Torino is for conversion. No doubt to avoid the need for an extended choice-of-law analysis at this early stage, Torino relies on Minnesota law in analyzing Wiemann's conversion claim. The Court follows Torino's lead in applying Minnesota law, but, to be clear, the Court is not holding that Wiemann's conversion claim against Torino is properly analyzed under Minnesota law.

Wiemann argues that Torino has other connections to Minnesota that would support a finding of jurisdiction.  Specifically, Wiemann alleges that Torino owns many vintage cars and that he purchased the majority of them from Engelhart.  Wiemann Aff. ¶ 11.  Wiemann does not say how many cars Torino has purchased from Engelhart and alleges only that these purchases have taken place "over the past several years."  Wiemann Aff. ¶ 11.  Apparently in an attempt to argue that these purchases are related to his conversion claim and thus create specific jurisdiction over Torino, Wiemann ties all of Torino's purchases together by characterizing them as evidence of a "long-standing business relationship" between Torino and Engelhart.  Wiemann Aff. ¶ 11.

But Wiemann does not allege, and nothing in the record suggests, that Torino is anything other than a private collector of vintage cars.  True, Torino traded some cars to Engelhart to obtain the cars at issue in this case.  But there is no evidence that Torino markets his cars generally as a business activity, or that he uses his vintage cars to conduct other business activities.  So far as the record reveals, when he purchases cars from Engelhart, Torino is not conducting business activities in Minnesota, but acting solely as a consumer of products sold in Minnesota.  The Court is not aware of any case holding that personal jurisdiction exists over a consumer whose sole contact with a forum is the repeated purchase of goods from a business in the forum.  Moreover, as noted, Wiemann's conversion claim has only an attenuated connection to one of Torino's transactions with Engelhart; the connection between that conversion claim and Torino's *other* transactions with Engelhart is even more remote.

To the extent that Wiemann is arguing that Torino's other purchases establish general jurisdiction over Torino, the Court rejects that argument.  General jurisdiction permits a forum to adjudicate *any* cause of action involving a particular defendant, regardless of where the cause of

action arose. *Digi-Tel*, 89 F.3d at 522 n.4. To establish general jurisdiction, a plaintiff must show that the defendant's contacts with the forum are "continuous" and "systematic." *Johnson*, 444 F.3d at 956. "[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984) (finding no general jurisdiction even though the defendant had purchased approximately 80% of its helicopter fleet in the forum state and sent pilots and other personnel to the forum state for training and technical consultation). Wiemann's allegations are thus insufficient to establish general jurisdiction.[6]

Torino's motion to dismiss for lack of personal jurisdiction is granted.

### B. Motion to Transfer Venue

Torino has also filed a motion to transfer venue. It is clear, however, that Torino seeks a transfer only in the event that the Court finds that it has personal jurisdiction over him. *See* Docket No. 17. Given the Court's holding that it lacks personal jurisdiction, Torino's alternative motion to transfer need not be addressed. Moreover, Wiemann has not requested transfer of this action to cure the lack of jurisdiction. *Cf. Johnson*, 444 F.3d at 954 n.2 (affirming dismissal where the plaintiff did not request transfer under 28 U.S.C. § 1631 to cure the lack of personal

---

[6]Wiemann has not explicitly requested that the Court delay its ruling to give him an opportunity to take discovery on the jurisdictional question, and the Court has independently concluded that such discovery is not warranted in this case. Wiemann already claims to have direct knowledge of Torino's relationship with Engelhart, and Wiemann has not identified any additional facts that he is likely to discover that would persuade the Court to exercise personal jurisdiction over Torino.

jurisdiction over the defendant).  The Court therefore dismisses Wiemann's claims against Torino without prejudice.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Brett Torino's motion to dismiss or transfer [Docket No. 17] is GRANTED IN PART.

2. Plaintiff's claims against Torino are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction.

3. Torino's motion is DENIED AS MOOT in all other respects.


Dated:  May 19 , 2008                             s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge